UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY and NEIL BEDI, | |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| UNITED STATES DEFENSE COUNTERINTELLIGENCE AND SECURITY AGENCY, | |
| Defendant. | |

Plaintiffs THE NEW YORK TIMES COMPANY and NEIL BEDI, by and through their undersigned counsel, allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), to obtain an order for the production of agency records in response to a FOIA request properly made by Plaintiffs The New York Times Company and Neil Bedi (together, "The Times") to the United States Defense Counterintelligence and Security Agency ("DCSA"), a component of the Department of Defense ("DOD").

### PARTIES

2. Plaintiff The New York Times Company publishes *The New York Times* and www.nytimes.com. The New York Times Company is headquartered in this judicial district at 620 Eighth Avenue, New York, New York, 10018.

3. Plaintiff Neil Bedi is a reporter with The New York Times Company.

4. Defendant is an agency of the federal government that has possession and control of the records that Plaintiffs seek.

1

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is premised on The New York Times Company's place of business and is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

7. Plaintiffs have exhausted all administrative remedies available pursuant to 5 U.S.C. § 552(a)(6)(A).

## FACTUAL BACKGROUND

8. Defendant DCSA is an agency within the Department of Defense and the "largest investigative service provider in the federal government." Defense Counterintelligence and Security Agency, *About Us*, https://www.dcsa.mil/About/. DCSA is responsible for, among other things, conducting "background investigations, continuous vetting, and adjudications" in order to "safeguard the integrity and trustworthiness of the federal and contractor workforce." *Id.*

9. The Times submitted a FOIA request to DCSA on September 17, 2024, seeking a list of security clearances for Elon Musk, including the extent and purview of each of the clearances.

10. On October 2, 2024, DCSA responded, stating that it had identified two pages of records responsive to the request, within the Defense Investigation System for Security ("DISS") system. However, citing FOIA exemptions 6 and 7(C), DCSA denied the request in full, asserting that "the information that you are seeking is privacy-related information pertaining to a third party and the privacy interest outweighs disclosure." (attached as Exhibit A).

11. The Times timely submitted an appeal of the denial on December 15, 2024. (attached as Exhibit B). Among other things, The Times argued that any privacy interest in the records is outweighed by the compelling public interest in disclosure.

12. On January 27, 2025, DCSA denied the appeal. DCSA again asserted that disclosure of the records' contents "could constitute an unwarranted invasion of personal privacy." (attached as Exhibit C). In doing so, DCSA relied on the assertion that Mr. Musk is a "private citizen." *Id.*

13. On February 3, 2025, the White House Press Secretary publicly confirmed that Mr. Musk is a "special government employee."

14. On February 5, 2025, The Times wrote to DCSA, noting that its denial of the appeal was founded on a factual inaccuracy—that Mr. Musk is a private citizen, rather than a government employee—and requesting that the agency produce the requested records. (attached as Exhibit D).

15. On February 18, 2025, DCSA again denied access, asserting, without further reasoning, that "DCSA's decision to withhold this information has not changed nor has our opinion as to Mr. Musk's privacy interests in these records. . . . The DCSA considers this matter closed." (attached as Exhibit E).

16. Since then, courts have further found that Mr. Musk is a government official and that he is exercising governmental authority at the highest levels. *See, e.g.*, *Does v. Musk*, No. 25-cv-0462, 2025 U.S. Dist. LEXIS 49603 (D. Md. Mar. 18, 2025).

## CAUSE OF ACTION

17. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

18. Defendant is an agency subject to FOIA and must therefore release, in response to a FOIA request, any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

19. The Times administratively appealed Defendant's denial of the request, and the agency affirmed the denial of the request. Accordingly, The Times is deemed to have exhausted its administrative remedies under FOIA.

20. Defendant is permitted to withhold records or parts of records only if one of FOIA's enumerated exemptions apply.

21. No exemptions permit the withholding of the records sought by the request.

22. Accordingly, The Times is entitled to an order compelling Defendant to produce records responsive to the request.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

23. Declare that the records sought by the request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

24. Order Defendants to provide the records to Plaintiffs within 20 business days of the Court's order;

25. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

26. Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, New York
March 20, 2025

/s/ Dana R. Green
Dana R. Green
Timothy Tai
Legal Department
The New York Times Company
620 8th Avenue
New York, NY 10018
Phone: (212) 556-5290
Fax: (212) 556-4634
E-mail: dana.green@nytimes.com

*Counsel for Plaintiffs*