# EXHIBIT D



**The New York Times Company**

Dana Green
Vice President &
Assistant General Counsel

T 212 556 5290
Dana.green@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

February 5, 2025

**BY EMAIL**

Charles D. Watters
Chief
Privacy, Civil Liberties and Freedom of Information
Defense Counterintelligence and Security Agency
ATTN: FOIA Appellate Authority
P.O. Box 618
1137 Branchton Rd
Boyers, PA 16018
dcsa.quantico.hq.mbx.foia@mail.mil

**Re:     FOIA DCSA-B 24-13267 / FOIA Appeal APP25-00016**

Dear Mr. Watters:

I write in response to your January 27, 2025 denial of access to the records requested in the above-referenced case. As you know, on September 17, 2024, The Times submitted a Freedom of Information Act ("FOIA") request for a list of security clearances for Elon Musk, including the extent and purview of each of the clearances.

On October 2, 2024, DCSA responded, stating that it had identified two pages of records responsive to the request, within the Defense Investigation System for Security (DISS) system. However, citing FOIA exemptions (b)(6) and (B)(7)(C), DCSA denied all access to the records, asserting that "the information that you are seeking is privacy-related information pertaining to a third party and the privacy interest outweighs disclosure."

On December 15, 2024, The Times appealed that denial. On January 27, DCSA denied that appeal. In doing so, DCSA relied on the assertion that Mr. Musk is a "private citizen" and on case law applicable only to records regarding private citizens.

Mr. Musk is not a private citizen. The White House has confirmed that Mr. Musk is a "special government employee." *See, e.g.*, Collins, K. and Sneed, T., *Elon Musk is serving as 'special government employee,' White*

*House says*, CNN (Feb. 3, 2025). He unquestionably is exercising government powers, as part of the current administration.

Given these facts, DCSA's denial of access lacks a sound foundation in law. As set out previously, both cited exemptions, 5 U.S.C. § 552(b)(6) and (7)(C), require that the agency determine that disclosure would constitute an "unwarranted invasion of personal privacy." As courts repeatedly have found, security clearance information "only minimally implicates a 'personal privacy' interest." *WP Co. LLC v. United States DOD*, 626 F. Supp. 3d 69, 82 (D.D.C. 2022) (citing *FCC v. AT&T Inc.*, 562 U.S. 397, 408 (2011); *Sims v. CIA*, 642 F.2d 562, 575 (D.C. Cir. 1980). Moreover, as that court noted, "it is difficult to conceive of how disclosure of one's security-clearance level would embarrass or invite unwarranted intrusions." *Id.* In its most recent denial, DCSA asserts that the facts of *WP Co.* are "distinguishable." But, given Mr. Musks's status as a government employee, it is difficult to see how the case can be distinguished.

Whatever *de minimis* privacy interests exist are clearly outweighed by the substantial public interest here. In addition to those set out in The Times's December 15 appeal, we note that Mr. Musk currently publicly exercises a degree of power within the federal government unmatched by anyone other than the President. This has included Mr. Musk accessing highly sensitive and classified government records and systems. The public has an obvious interest in understanding what clearances DCSA has granted to him and exercising democratic oversight of the effectiveness of the DCSA vetting and oversight process. That substantial and urgent public interest in disclosure plainly outweighs the non-existent privacy interest in the records.

The Times asks that DCSA disclose the requested records. Thank you for your prompt attention to this matter.

Sincerely,

Dana R. Green
Vice President and Assistant General Counsel
The New York Times Company