**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 29, 2025

**VIA ECF**
Hon. Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *The New York Times Company and Neil Bedi v. U.S. Defense Counterintelligence and Security Agency*, 25 Civ. 2333 (DLC)

Dear Judge Cote:

I write jointly with counsel for plaintiffs in this Freedom of Information Act (FOIA) case to respectfully propose a schedule on cross-motions for summary judgment, adjourn the answer date, and propose that the Court cancel the initial case management currently set for May 23, 2025 at 2:30 pm.

**Background.** The defendant in this FOIA action, the Defense Counterintelligence and Security Agency (DCSA), is an agency within the Department of Defense. It is responsible for, among other things, conducting background investigations and adjudicating applications for federal security clearances. In September of 2024, plaintiffs made a FOIA request to DCSA for "a list of security clearances for Elon Musk, including the extent and purview of each of the clearances." Complaint ¶ 9, ECF No. 1. On October 2, DCSA responded, noting that it had identified two records of responsive pages, and that they were properly withheld in full on privacy grounds pursuant to FOIA's exemptions 6 and 7(C). Plaintiffs made an administrative appeal, which DCSA denied, and requested reconsideration, which DCSA also denied. *See* Complaint ¶¶ 11-15.

**Summary judgment schedule; answer date.** The parties agree that the only issue in this case is whether the two pages of records are exempt. This question is appropriately resolved via cross-motions for summary judgment. *See, e.g.*, *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) (FOIA cases are generally resolved through cross-motions for summary judgment based on legal argument and factual matter provided by declarations, without discovery). The parties have conferred and propose the following four-brief schedule:

- The government's opening papers will be due by May 30, 2025;
- Plaintiffs' papers in opposition, and in support of any cross-motion, will be due by June 27, 2025;
- The government's papers in opposition to any cross-motion and reply in support of its own motion will be due by July 18, 2025;
- Plaintiffs' reply in support of their own motion will be due by August 8, 2025.

Additionally, the government requests, with plaintiffs' consent, that its deadline to answer or otherwise respond to the complaint—currently tomorrow, April 30—be adjourned without date. The parties expect that the facts relevant for resolving the cross-motions for summary judgment will be contained in declarations and exhibits thereto. We therefore respectfully request that the government's time to answer be adjourned until after a decision on any summary judgment motion (if the case is not fully resolved without such motion), or such other time as the Court may order.

**Initial conference.** If the Court adopts the schedule proposed above, the parties respectfully propose that the Court also cancel the initial case management conference currently set for May 23 at 2:30 pm. We do not expect there will be any open issues to discuss.

The parties thank the Court for its consideration of this submission.

Respectfully,

JAY CLAYTON
United States Attorney

By: *_/s/ Peter Aronoff_*
PETER ARONOFF
Assistant United States Attorney
86 Chambers Street, 3rd floor
New York, NY 10007
*Counsel for Defendant*

cc (via ECF): Counsel for plaintiffs