UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE NEW YORK TIMES COMPANY and
NEIL BEDI,

                            Plaintiffs,

        - versus –

DEFENSE COUNTERINTELLIGENCE
AND SECURITY AGENCY,

                            Defendant.

No. 25 Civ. 2333 (DLC)

---

## SECOND DECLARATION OF CHARLES D. WATTERS

Pursuant to 28 U.S.C. § 1746, I, Charles D. Watters, hereby declare the following to be true and correct to the best of my knowledge:

1. Since October 2019, I have served as the Chief of the Defense Counterintelligence and Security Agency (DCSA), Privacy, Civil Liberties and Freedom of Information (PCLF) program. In this capacity, I monitor and advise staff assigned to three DCSA Freedom of Information Act and Privacy Office (FOI/P) components.

2. This declaration is submitted, in my official capacity as Chief of DCSA-PCLF, in further support of Defendant's Motion for Summary Judgment in the above captioned matter. The statements in this declaration are based upon my personal knowledge and upon my review of information available and accessed in the performance of my assigned duties.

3. I previously executed a declaration on May 29, 2025, in support of Defendant's Motion for Summary Judgment. I provide this supplemental declaration based on my first-hand knowledge to provide additional relevant information.

## DISS RECORDS

4. DISS is the record system for personnel security, suitability, and credential management of all Department of Defense ("DOD") employees, military personnel, and DOD industrial contractors. Records in DISS are covered by the Privacy Act of 1974 and maintained pursuant to the DUSDI 02-DoD, Personnel Vetting System of Records Notice. DISS links all relevant security clearance information—including investigation, adjudication, continuous evaluation, and access information—using uniquely identifying information for individuals. It permits DCSA and other federal agencies to securely communicate information about the clearances an individual possesses, so that national security information owners can validate whether an individual has the appropriate clearance level before granting access to their information.

5. As I explained in my first declaration, permitting only appropriately vetted and cleared individuals to access classified information helps to avoid breaches in national security and potentially criminal unauthorized disclosures of that information. DCSA must maintain an accurate, current database of clearances to ensure that only authorized individuals may access information as appropriate.

6. Furthermore, the requirement to maintain an accurate database of security clearance information is within DCSA's authority to ensure compliance with, and enforcement of, both DOD guidance and executive orders that govern national security information. These include Executive Order 12,968, *Access to Classified Information*, and Executive Order 10,865, *Safeguarding Classified Information Within Industry.* Additionally, DoD Manual 5200.02, *Procedures for the DoD Personnel Security Program,* and DoD Directive 5200.6, *Defense Industrial Personnel Security Clearance Review Program,* implement E.O. 12,968 and E.O. 10,865 within the Department, including the administrative proceedings related to eligibility determinations. Under FOIA exemption (b)(7), "law

enforcement purposes" includes civil, criminal, and duly authorized administrative proceedings. Therefore, DISS records are compiled for law enforcement purposes and in the furtherance of national security.

7. Also, in accordance with E.O. 12968, Section 1.2, in order to access classified information, or be assigned to duties that have been designated National Security Sensitive, an individual must have a favorable eligibility determination at the level required for access, a demonstrated need-to-know, and have signed nondisclosure agreement. To comply with this mandate, the information owner validates the need-to-know, while the role of determining eligibility for access rests under the authority of DCSA, for DoD-affiliated individuals. DCSA records eligibility determinations in DISS, and information owners must verify eligibility in DISS before granting access.

8. As an example, if the Air Force needs to determine whether a specific government or contractor employee is authorized to access specific technical details about the design of a new military aircraft, it must be able to quickly, securely, and accurately obtain information regarding the individual's security clearances. As the System of Record, DISS is the authoritative source of this information. In this situation, appropriately cleared Air Force personnel would query DISS to determine the individual's clearance status to determine whether they are eligible to be granted access.

9. For the above reasons, in response to a Freedom of Information Act request, the DCSA-PCLF categorically denies the release of security clearance information to the public due to the sensitivity of that information and the heightened privacy interest in protecting those that have access from targeting and intimidation by individuals attempting to gain unauthorized access to national security information.

10. DCSA has a procedure for individuals to provide privacy waivers that would permit

disclosure of information otherwise protected by FOIA or the Privacy Act. I understand the Plaintiffs assertion in this that Elon Musk may have publicly discussed his alleged security clearances, but under DCSA's procedures implementing the requirements of both FOIA and the Privacy Act, this does not constitute an express waiver of his privacy interests in the information DCSA has withheld in this case, nor would these comments be considered an authorization by him to release his information pertaining to those clearances as required under the Privacy Act. For example, a person may publicly disclose their adjusted taxable income; however, that does not mean the individual waives their privacy interest, thus authorizing an agency to release their income tax records.

11. Furthermore, I have reviewed Plaintiffs' filings, including the alleged public statements of Mr. Musk. None of these statements address potential waivers or conditions for any security clearances. As my first declaration (¶¶ 21-22) explained, individuals have a distinct privacy right in information about such waivers or conditions. Accordingly, Mr. Musk's privacy interest in the existence of any conditions or waivers is undiminished, and the balancing between public and private interests continues to weigh in favor of nondisclosure, as I noted in my first declaration (¶¶ 24-30).

12. I understand that Plaintiffs have suggested DCSA could redact the record requested to protect any waivers or conditions that may be associated with any potential clearances held by Mr. Musk. However, because of the general design of the record in question, it is not possible to "redact" information concerning those conditions or waivers associated with any security clearance. This type of record does not contain a field for conditions or waivers that is filled only when a condition or waiver is present, and blank otherwise; if that were the case, it would be possible to simply redact the field. Rather, information about any conditions or waivers would likely be noted in several places on the form; these notations would not be present unless a condition or waiver exists. Thus, it is not

possible to redact the form in a way to make it impossible to determine whether waivers or conditions are attached: no redaction would be needed if there are no waivers or conditions, while a redaction in certain places would indicate waivers or conditions. Thus, a knowledgeable reader could determine, from the presence or absence of redactions, whether any waivers or conditions exist in this type of record. Thus, it is not possible to segregate only some information about any clearances Mr. Musk held, while protecting information about any waivers or conditions, as Plaintiffs suggest may be possible.

   Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*Charles D. Watters*

Charles D. Watters

Executed on this 18th day of July, 2025