

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

October 17, 2025

**VIA ECF**
Hon. Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re:  *The New York Times Company and Neil Bedi v. U.S. Defense Counterintelligence and Security Agency*, 25 Civ. 2333 (DLC)

Dear Judge Cote:

Following the Court's October 8 decision granting plaintiffs' motion for summary judgment and denying the government's motion, ECF No. 21, I write respectfully both to propose a disclosure deadline that will permit the government time to consider whether to appeal consistent with Federal Rule of Appellate Procedure 4, and to provide the government's proposed redactions to the record the Court has ordered disclosed.

**Proposed disclosure deadline.** The October 8 order resolving the parties' cross-motions for summary judgment does not direct disclosure to plaintiffs of the record at issue. The order is therefore not appealable. *See Ferguson v. FBI*, 957 F.2d 1059, 1063 (2d Cir. 1992). We respectfully propose that the Court direct the government to produce the record (subject to any further redactions as approved by the Court) within 60 days of the date when the Court completes in camera review. This is the same timeframe that 28 U.S.C. § 2107(b) and Federal Rule of Appellate Procedure 4(a)(1)(B)(ii) would provide for the government to determine whether to appeal from an appealable order. Plaintiffs consent to this proposal.

**Proposed redactions.** The Court's October 8 opinion provides: "Should the Government seek to redact the document, it may submit its proposed redactions to the Court by October 17, 2025 for *ex parte, in camera* review." ECF No. 21 at 21. The Defense Counterintelligence and Security Agency (DCSA) has reviewed the record and has made proposed redactions if the record is to be disclosed. We are providing these proposed redactions to Your Honor's chambers separately. In the event that the record is ultimately disclosed, we propose redacting the following types of information for privacy pursuant to FOIA's exemptions 6 and 7(C).

- *Mr. Musk's Social Security number*. This information is clearly private and carries no legitimate public interest, and inadvertent disclosure or compromise by a hostile actor would carry serious risks. To guard against these risks, the government has applied the redaction to Mr. Musk's Social Security number in the ex parte submission. All other proposed redactions are in read-through form.
- *Mr. Musk's date and place of birth, and the date he received U.S. citizenship*. Like Mr. Musk's Social Security number, this information is private and carries no

- legitimate public interest, and disclosure could risk data theft, impersonation, or other mischief.
- *Unique Department of Defense identifying number*: We propose withholding Mr. Musk's DoD Electronic Data Interchange personal identifying number. This is a unique identifying number used in DoD systems to track individuals, and disclosure would cause security risks.
- *Investigation-related information*. We propose withholding three types of information that relate to the investigation DCSA conducted, rather than Mr. Musk's security clearances, since (as the parties agreed during summary judgment briefing) the FOIA request at issue seeks "merely a list of clearances held by Mr. Musk," not information about investigations. ECF No. 14 at 17. Specifically, we propose to redact (1) a field that would reveal, in detail, the level of investigation DCSA conducted; (2) whether DCSA had an open investigation as of the date of the record at issue; and (3) information on continuous evaluation. As the government's summary judgment briefing made clear, and as the Court's October 8 decision recognizes, information about the investigatory process invokes clear privacy interests separate from interests in the result of an investigation. *See* ECF No. 21 at 15 (citing *Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Just.*, 746 F.3d 1082, 1091-92 (D.C. Cir. 2014)).
- *Information on a DCSA employee*. Finally, partially visible information on a career DCSA employee who accessed the system has been withheld from the corner of the record.

Finally, we explain why, in our view, only page 2 of the two-page ex parte submission should appropriately be considered a responsive record. The government's summary judgment submissions described the material at issue as "a single document of two (2) pages responsive to Plaintiffs' request," drawn from DCSA's Defense Information System for Security, or DISS. First Watters Decl. ¶ 6, ECF No. 11. After further review following the Court's summary judgment decision, the government has determined that this single document consists of two separate "records" for FOIA purposes. The two pages are partial screenshots from two separate subsystems within DCSA's DISS system. The first page is drawn from the Case Adjudication Tracking System (CATS), which is designed for performing adjudication functions—that is, for grants or denials of clearances. The second page is drawn from the Joint Verification System (JVS), which enables DoD professionals to verify eligibility determinations. The second page, drawn from JVS, contains the specific information plaintiffs requested—i.e., the list of clearances. The first page does not.

Because the two pages were drawn from separate DISS subsystems that each contain separate "grouping[s] of information about an individual," 5 U.S.C. § 552(a)(4), where only one of those "grouping[s]" relates to the subject of the request, the government has concluded that it is appropriate to treat the two pages as separate "records" for FOIA purposes. *See* Office of Information Policy, "Defining a 'Record' Under the FOIA, at https://www.justice.gov/oip/oip-guidance/defining_a_record_under_the_foia (DOJ guidance suggesting that because FOIA does not define the term "record," it is appropriate to look to the Privacy Act, its sister statute); *Cause of Action Inst. v. United States Dep't of Just.*, 999 F.3d 696, 703 (D.C. Cir. 2021) (discussing

D.C. Circuit precedent on definition and treatment "records" under FOIA). The first record is nonresponsive; the second is responsive.

    Thus, in conclusion, we submit that only the second page of our ex parte submission is responsive. Nonetheless, we have provided both records to the Court. Because the first record contains additional information about the investigatory process, disclosure of that record would raise significant additional privacy concerns. *See* First Watters Decl. ¶¶ 15-16. Therefore, we respectfully submit that the Court should only order disclosure of the second page, subject to the redactions explained above.

    We are happy to provide additional information about the reasons for the proposed redactions if it would aid the Court's review. We thank the Court for its consideration of this submission.

    Respectfully,

    JAY CLAYTON
    United States Attorney

By:   */s/ Peter Aronoff*
    PETER ARONOFF
    Assistant United States Attorney
    86 Chambers Street, 3rd floor
    New York, NY 10007
    *Counsel for Defendant*

cc (via ECF):  Counsel for plaintiffs