

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

October 24, 2025

**VIA ECF**
Hon. Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *The New York Times Company and Neil Bedi v. U.S. Defense Counterintelligence and Security Agency*, 25 Civ. 2333 (DLC)

Dear Judge Cote:

    We write in response to the Court's October 20 order, ECF No. 23, which accepted the government's proposal for the relevant record that the Court directed to be produced after resolving the parties' cross-motions for summary judgment, and largely accepted the government's proposed redactions. The order also directs the government to leave unredacted Mr. Musk's date and place of birth, unless by today the government provides "a representation… that such information is not publicly available."

    Based on our review of publicly available information, it appears that Mr. Musk's date and place of birth may be publicly available, though not as far as we can tell from government sources. Thus, we cannot represent that the information is not publicly available. However, under FOIA's exemptions 6 and 7(C), the fact that this information may be publicly available is not dispositive. Public availability may diminish Mr. Musk's privacy interest in this information, but it does not remove it entirely. *See Taplin v. DOJ*, 967 F. Supp. 2d 348, 355 (D.D.C. 2013) (disclosure of certain information by judge and sheriff diminishes, but does not remove, privacy interest in nondisclosure of information by federal agency).[1] The question remains whether a cognizable public interest in disclosure outweighs the remaining privacy interest. *Associated Press v. DOD*, 554 F.3d 274, 286 (2d Cir. 2009). Here, disclosure of Mr. Musk's date and place of birth in the context of the record would serve no FOIA-cognizable public interest, because it would not shed any light on the government's performance of its duties. *DOD v. FLRA*, 510 U.S. 487, 495 (1994). Thus, this information should remain redacted in the record, and we respectfully request that the Court permit these redactions to remain.

    We have discussed this request with plaintiffs' counsel, who have authorized us to state their position as follows. The Times takes the position that Mr. Musk's date and location of birth is well-known information to which no substantial privacy interest attaches. Because it is already well-known, however, The Times's view is that litigating this point would not be an efficient use

---

[1] Similarly, because the information does not appear to have been officially disclosed by a relevant government source, there is no official disclosure for FOIA purposes that would waive FOIA exemptions. *See generally Osen LLC v. CENTCOM*, 969 F.3d 102 (2d Cir. 2020).

Case 1:25-cv-02333-DLC   Document 25   Filed 10/24/25   Page 2 of 2

Page 2

of the parties' or the court's time and on that basis The Times does not oppose redaction of the information.

We thank the Court for its consideration of this submission.

Respectfully,

JAY CLAYTON
United States Attorney

By:   /s/ Peter Aronoff
PETER ARONOFF
Assistant United States Attorney
86 Chambers Street, 3rd floor
New York, NY 10007
*Counsel for Defendant*

cc (via ECF): Counsel for plaintiffs

*The date and place of birth may be redacted.*

*Denise Cote*
*10/24/25*