UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE NEW YORK TIMES COMPANY and
NEIL BEDI,

                        Plaintiffs,

          v.

UNITED STATES DEFENSE
COUNTERINTELLIGENCE AND SECURITY
AGENCY,

                        Defendant.

No. 25-cv-2333-DLC

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S OPINION AND ORDER DATED OCTOBER 20, 2025

Dana R. Green
Jackson Busch
The New York Times Company
Legal Department
620 8th Avenue
New York, NY 10018
Phone: (212) 556-5290
Fax: (212) 556-4634
dana.green@nytimes.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................... 1

ARGUMENT ............................................................................................................... 2

    I.    RECONSIDERATION IS WARRANTED AND THE OCTOBER 20 ORDER SHOULD BE AMENDED ........................................................................................... 3

        A.    The Order Errs By Adopting a Procedurally Improper and Misleading *Ex Parte* Submission ........................................................................................... 3

        B.    Plaintiff's FOIA Request Seeks More Than a List of Clearances ......................... 5

        C.    Page One is Responsive to the Request ................................................................. 7

        D.    Exemptions 6 & 7 Do Not Permit Withholding Page One ..................................... 8

            1.    There is a Substantial Public Interest in Page One ................................. 9

            2.    Any Privacy Interest in Page One is Minimal ........................................... 9

CONCLUSION ........................................................................................................... 11

CERTIFICATE OF COMPLIANCE .......................................................................... 13

## **TABLE OF AUTHORITIES**

**Cases**

*Am. Immigration Council v. Exec. Office for Immigration Review*,

    418 F. Supp. 3d 10 (S.D.N.Y. 2019) ........................................................................ 7

*Associated Press v. Dep't of Defense*,

    554 F.3d 274 (2d Cir. 2009) ................................................................................... 10

*Bloomberg L.P. v. United States Postal Serv.*,

    118 F.4th 307 (2d Cir. 2024) ................................................................................... 8

*Citizens for Resp. & Ethics in Wash. v. DOJ*,

    746 F.3d 1082 (D.C. Cir. 2014) ............................................................................. 10

*Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*,

    10 F. Supp. 3d 460 (S.D.N.Y. 2014) ....................................................................... 2

*Gill v. Gilder*,

    95-cv-7933 (RWS), 1997 U.S. Dist. LEXIS 10833 (S.D.N.Y. July 23, 1997) ......... 2

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*,

    729 F.3d 99 (2d Cir. 2013) ...................................................................................... 2

*Mene v. Sokola*,

    22-cv-10333 (KPF), 2025 U.S. Dist. LEXIS 118001 (S.D.N.Y. June 23, 2025) ...... 2

*Oxman v. Oxman*,

    16-cv-1304 (DJS), 2017 U.S. Dist. LEXIS 151562 (D. Conn. Jan. 10, 2017) .......... 2

*Palmieri v. Lynch*,

    392 F.3d 73 (2d Cir. 2004) ...................................................................................... 7

*Perlman v. DOJ*,

    312 F.3d 100 (2d Cir. 2002) .................................................................................... 9

*S.E.C v. Cope*,

    14-cv-7575 (DLC), 2017 U.S. Dist. LEXIS 17888 (S.D.N.Y. Feb. 8, 2017) ........... 2

*Silverberg v. Dryships Inc.*,

    17-cv-4547 (SJF), 2018 U.S. Dist. LEXIS 225563 (E.D.N.Y. Aug. 21, 2018) ........ 3

*Xiamin Zeng v. Chell*,

    19-cv-3218 (JGK), 2025 U.S. Dist. LEXIS 134402 (S.D.N.Y. July 15, 2025) ........ 3

**Rules**

Fed R. Civ. P. 60(b) ................................................................................................ 2

Fed. R. Civ. P. 59(e) ............................................................................................... 2

Local Civ. R. 6.3 ..................................................................................................... 2

## PRELIMINARY STATEMENT

Plaintiffs The New York Times Company and Neil Bedi (together, "The Times") respectfully submit this memorandum of law in support of their motion for partial reconsideration of the Court's Opinion and Order dated October 20, 2025. ECF No. 23 ("October 20 Order" or "Order").[1] Specifically, The Times seeks reconsideration of that portion of the Court's Order permitting defendant, Defense Counterintelligence and Security Agency ("DCSA"), "to redefine the responsive 'record' as the second page of the *ex parte* submission only" and to withhold page one and investigation-related information.[2] *Id.* at 1. The effect of the Court's Order is to withhold half of the materials at issue in this case.

Respectfully, this decision is clearly erroneous and manifestly unjust to The Times. It appears to be premised on inaccurate and misleading *ex parte* representations by the government, as well as legal arguments by the government that were never raised at summary judgment and were therefore waived. In short, the government appears to have exploited the court's invitation to propose limited redactions for personal privacy to instead attempt to relitigate and partially reverse the court's grant of summary judgment to The Times. As a result, the government has been permitted to withhold information that *is* responsive to The Times's Freedom of Information Act ("FOIA") request and that may not be withheld, as the Court's own prior summary judgment decision makes clear.

The Times respectfully requests that the Court reconsider that portion of its October 20 Order permitting the government to withhold, in its entirety, page 1 of the document and other

---

[1] The Times also seeks relief from that portion of the Court's Judgment dated October 21, 2025, ECF No. 24, concerning the Court's October 20 Order.

[2] DCSA's letter requests to withhold "investigation-related information" and the entirety of page one of the record at issue. October 17 Letter at 2. The Times infers from context that the "investigation-related information" is contained in page one. If that is incorrect, then references in this brief to "page one" should be considered to include any "investigation-related information" the government seeks to withhold from page two.

Case 1:25-cv-02333-DLC    Document 29    Filed 11/03/25    Page 6 of 17


"investigation-related information" and order the government to produce both pages of the record at issue.

## **ARGUMENT**

This motion is brought under Local Civil Rule 6.3 and Federal Rules of Civil Procedure 59(e) and 60(b). *See Mene v. Sokola*, 22-cv-10333 (KPF), 2025 U.S. Dist. LEXIS 118001, at *7 (S.D.N.Y. June 23, 2025) (noting these three rules "govern motions for reconsideration, depending on the type of order at issue and the relief sought" and collecting cases). Motions for reconsideration "should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quotation marks and citations omitted). *See also Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (same standard applies under Local Rule 6.3).

Among the proper bases for granting a motion for reconsideration is when a party has been deprived of an opportunity to respond to a motion or arguments. *See, e.g.*, *Gill v. Gilder*, 95-cv-7933 (RWS), 1997 U.S. Dist. LEXIS 10833, at *7-8 (S.D.N.Y. July 23, 1997) (granting reconsideration where defendants did not have an opportunity to respond to a motion); *Oxman v. Oxman*, 16-cv-1304 (DJS), 2017 U.S. Dist. LEXIS 151562, at *3-4 (D. Conn. Jan. 10, 2017) (granting reconsideration where plaintiff did not have an opportunity to respond to claims raised); *cf. S.E.C v. Cope*, 14-cv-7575 (DLC), 2017 U.S. Dist. LEXIS 17888, at *4 (S.D.N.Y. Feb. 8, 2017) (Cote, J.) (denying motion for reconsideration on this basis because the movant did have an adequate opportunity to respond).

Reconsideration also is appropriate where a decision relied upon misstatements or misrepresentations by a party. Rule 60(b) provides that "the court may relieve a party . . . from a

final judgment, order, or proceeding for" a variety of reasons, including "mistake" and "misrepresentation[] or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b)(1), a party's inaccurate representation can mislead the court into making a factual mistake. *See Silverberg v. Dryships Inc.*, 17-cv-4547 (SJF), 2018 U.S. Dist. LEXIS 225563, at *9-10 (E.D.N.Y. Aug. 21, 2018) (granting reconsideration because a prior order "was based, in part, upon a mistake of fact" due to a party's "inaccurate representation that he had the highest gross expenditures of the competing lead plaintiff movants"). Under Rule 60(b)(3), the moving party must provide "clear and convincing evidence of material misrepresentations" and "show that the conduct complained of prevented the moving party from fully and fairly presenting [its] case." *Xiamin Zeng v. Chell*, 19-cv-3218 (JGK), 2025 U.S. Dist. LEXIS 134402, at *10 (S.D.N.Y. July 15, 2025) (cleaned up).

## I.    RECONSIDERATION IS WARRANTED AND THE OCTOBER 20 ORDER SHOULD BE AMENDED

### A.    The Order Errs by Adopting a Procedurally Improper and Misleading *Ex Parte* Submission

On October 8, 2025, the Court granted The Times's motion for Summary Judgment. ECF No. 21 ("October 8 Order"). The Court properly concluded that the government had failed to justify withholding under FOIA Exemptions 6 and 7(C) and ordered the government to produce the sole record at issue—"a single, two-page document." *Id.* at 1, 2. However, the Court permitted the government to propose for *in camera* review redactions "to the extent any detail in the document invades Musk's personal privacy." *Id.* at 20; *see also id.* at 13 ("[I]n the event that a condition or waiver exists and its particular contents implicate Musk's privacy interests, then DCSA may submit the document to the Court for *ex parte, in camera* review of its proposed redactions.").

3

On October 17, DCSA submitted its proposed redactions. ECF No. 22 ( "October 17 Letter"). The government did not confer with The Times on any of those proposed redactions. Some of the proposed redactions reasonably are within the scope of what the Court invited in its October 8 Order. For example, the government sought to redact Elon Musk's social security number, date and place of birth, unique Department of Defense identifying number, and identifying information for a particular DCSA employee. *Id.* at 1-2. The Times does not object to those redactions. *See* ECF No. 25.

However, DCSA also took the opportunity to make a series of significant new factual and legal arguments to the Court in order to withhold *the entire first page of the two-page record*, as well as "investigation-related information" such as "the level of investigation DCSA conducted," "whether DCSA had an open investigation," and "information on continuous evaluation." October 17 Letter at 2. Those proposed withholdings cannot properly be considered a "redaction" of "detail[s] in the document [that] invade[] Musk's personal privacy" within the scope of the Court's October 8 Order. October 8 Order at 20. They are an attempt to relitigate the motions for summary judgment based on factual arguments not supported by any record and new legal arguments that were never raised at summary judgment.

The government submitted its *ex parte* request on a Friday afternoon. October 20 Order at 1. The Times was not given an opportunity to respond. That Monday afternoon, the Court issued an order, in relevant part granting the government's request "to redefine the responsive 'record' as the second page of the *ex parte* submission only," accepting most of the government's redaction, including the redactions related to DCSA's investigation and evaluation of Musk, and directing "the record's disclosure subject to those redactions." *Id.* at 1. The effect of this decision is to withhold at least half of the materials at issue in this case. The October 20 Order thus partially

reversed the Court's earlier grant of summary judgment to The Times, relying on a government submission that was improper and misleading in multiple ways, as set out below.

### B.    Plaintiff's FOIA Request Seeks More Than a List of Clearances

In its October 17 Letter, DCSA argues—for the first time—that page one of the document at issue is "nonresponsive." October 17 Letter at 2. The premise for this new argument appears to be the claim that "the parties agreed during summary judgment briefing" that "the FOIA request at issue seeks 'merely a list of clearances held by Mr. Musk,' not information about investigations." *Id.*

This is inaccurate. As the government repeatedly acknowledged, The Times's FOIA request sought "1) a list of security clearances for Elon Musk" and "2) *Any details about the extent and purview of each of the clearances*." *See* Compl. Ex C, ECF No. 1-3 (emphasis added). And this Court, in adjudicating the parties' cross motions for summary judgment, also acknowledged that the Request included not just "a list of security clearances" but also "any details about the extent and purview of each of the clearances." October 8 Order at 5.

The Times never narrowed its request or otherwise waived the second half of its request. Rather, The Times relied upon and responded to the *government's* representations in this case— including in a sworn declaration—that the only responsive record consisted of a single document that "is only a final list of clearances as of the date DISS was queried." ECF No. 11 ("Watters Decl.") ¶ 26; *see also id.* ¶ 6 (explaining that the "search of the DISS system yielded a single document of two (2) pages responsive to the Plaintiff's request"); *id.* ¶ 12 (noting that this single responsive record "consists of a list of any security clearances Mr. Musk possessed as of September 2024"). The Court, too, relied on the government's representation that the record at issue is "a single, two-page document listing any security clearances granted to Elon Musk." October 8 Order at 1-2.

At no point in administrative proceedings or at summary judgment did the government ever suggest that page one was not responsive to the Request or was materially different from page two. *See, e.g.*, ECF No. 15 ("Green Decl.") Ex. 24 at 1 (stating, in DCSA's initial response to the Request, that the agency had identified "two (2) pages responsive to your request, within the Defense Investigation System of Security (DISS) system."); ECF No. 12 ("Defs.' Mem.") at 1 (declaring that at issue is "a single, two-page document—a report generated from a Defense Department database"); *id.* at 3 (explaining that "[i]nformation about security clearances is stored on a software platform called the Defense Information System for Security, or DISS" and "the specific document at issue here" is derived from that database); *id.* at 4 ("DCSA staff searched in DISS . . . . The search yielded a single two-page document. . . . The response noted that DCSA was withholding the two responsive pages in full[.]" (citations omitted)); *id.* at 5 ("DCSA properly withhold the two-page document[.]").

Nevertheless, in its October 17 Letter, the government makes the extraordinary claim that "after further review following the Court's summary judgment decision" it discovered these representations were inaccurate: the single record should be treated as two records, and half of the record is not even responsive. October 17 Letter at 2-3.[3] The record is not a weighty tome: it is two pages. It defies belief that the government did not carefully review the record until this month—and it is contrary to the government's prior submissions. *See* Defs.' Mem. at 15 ("Here, Mr. Watters attests that the agency conducted a *line-by-line review*, but that no meaningful information could reasonably be segregated from the two withheld pages without disclosing exempt information." (emphasis added))

---

[3] These factual assertions regarding the structure of DCSA's record-keeping system, the contents of the record at issue, and the government's new "determination" about responsiveness, are not supported by any admissible record, as required of DCSA at summary judgment.

But, regardless, the government cannot be permitted to exploit the information

asymmetry between the parties to mislead The Times and the Court as to the nature of the record

at issue and then, after the conclusion of litigation, exploit that asymmetry a second time to claim

The Times narrowed its request because it relied on the government's misrepresentation.

### C.    Page One is Responsive to the Request

As set out above, the government represented throughout these proceedings and at

summary judgment that page one is responsive to the Request. The government has waived any

arguments to the contrary. Where a party fails to raise an "argument in his opposition to

summary judgment," that "argument has been waived." *Palmieri v. Lynch*, 392 F.3d 73, 87 (2d

Cir. 2004)*;see also, e.g.*, *Am. Immigration Council v. Exec. Office for Immigration Review*, 418

F. Supp. 3d 10, 14 n.1 (S.D.N.Y. 2019) (Cote, J.) (concluding, in a FOIA case, that where the

government failed to argue administrative exhaustion at summary judgment, the argument was

waived).

Even if the government could reverse course now, page one appears responsive to The

Times's request. The October 17 Letter states that page one consists of "partial screenshots"

"drawn from the Case Adjudication Tracking System (CATS), which is designed for performing

adjudication functions—that is, for grants or denials of clearances." October 17 Letter at 2. The

Letter states that those screenshots show "information about the investigatory process." *Id.* at 3.

This apparently includes "(1) a field that would reveal, in detail, the level of investigation DCSA

conducted; (2) whether DCSA had an open investigation as of the date of the record at issue; and

(3) information on continuous evaluation." *Id.* at 2.

These categories of information are logically responsive to The Times's request for

"[a]ny details about the extent and purview of each of the clearances" for Elon Musk. Compl.

Ex. C. Government publications indicate that "information on continuous evaluation" references

a system of automatic and regular checks of security-relevant information to assess an individual's trustworthiness, which is a "cornerstone of security clearance transformation efforts." *See, e.g.*, Nat'l Counterintelligence and Sec. Ctr., *Continuous Evaluation – Overview*, https://tinyurl.com/4m9teata. The government's other descriptions indicate that page one would show, for example, whether Musk's security clearance had been flagged as a potential security risk, whether it was under open review, and whether any clearance was subject to mitigation, suspension, or revocation. In short, there is a reason why the government treated page one as responsive throughout these proceedings and all the way through summary judgment: it *is* responsive.

### D.    Exemptions 6 & 7 Do Not Permit Withholding Page One

Based on the foregoing inaccurate or unsupported claims, the government offered sweeping new legal arguments in the October 17 Letter: that because page one "contains additional information about the investigatory process, disclosure of that record would raise significant additional privacy concerns" and withholding is warranted. October 17 Letter at 3.

It is DCSA's burden to justify withholding. *See* 5 U.S.C. § 552(a)(4)(B) ("[T]he burden is on the agency to sustain its action[.]"). And FOIA requires that federal agencies make requested documents available to the public unless one of its nine exemptions applies; "disclosure, not secrecy, is the dominant objective of the Act." *Bloomberg L.P. v. United States Postal Serv.*, 118 F.4th 307, 314 (2d Cir. 2024) (citation omitted). DCSA's claimed bases for withholding, FOIA exemptions 6 and 7(C), require the agency to establish that "the invasion of personal privacy resulting from release of the information would outweigh the public interest in disclosure."

*Perlman v. Dep't of Just.*, 312 F.3d 100, 106 (2d Cir. 2002), *vacated*, 541 U.S. 970 (2004),

*reaff'd*, 380 F.3d 110 (2d Cir. 2004).

The government did not even attempt to engage with the proper analysis pursuant to

exemptions 6 and 7(C). Its October 17 Letter says nothing about what the purported privacy

interest is or how it outweighs the public interest in the record. The government thus failed to

meet its burden. And, as set out below, the government cannot meet that burden.

    1.  <u>There is a Substantial Public Interest in Page One</u>

This Court already has held—and the government does not dispute in its October 17

Letter—that there is a substantial public interest in the contents of page one of the record. As this

Court concluded in granting summary judgment to The Times, there is a "substantial public

interest to know whether Musk holds a security clearance" and there also is a "public interest in

understanding the thoroughness, fairness, and accuracy of government investigations and

operations." October 8 Order at 15-16. The Court further recognized "'the most straightforward

public interest that might attach' is 'the public's ability to understand DCSA's operations or

activities,'" including how DCSA responded to public allegations—and Musk's public

admissions—regarding Musk's drug use and contacts with foreign leaders. *Id.* at 16-17.

Whether DCSA's continuous monitoring flagged that public information for security

review, whether DCSA opened a timely review, whether DCSA timely completed any review,

whether Musk's clearances were treated with the same diligence (or impartiality) as those of any

other person, and whether his clearances were in jeopardy or subject to conditions—all fall

squarely within the "straightforward public interest" this Court previously identified.

    2.  <u>Any Privacy Interest in Page One is Minimal</u>

This Court previously found that Musk has a severely diminished privacy interest in the

record at issue. October 8 Order at 11-13. The Court rejected DCSA's claim that "the mere

disclosure that a condition or waiver exists (or that no condition or waiver exists) would subject him to 'embarrassment or humiliation.'" *Id.* at 13 (quoting *Associated Press v. Dep't of Defense*, 554 F.3d 274, 288 (2d Cir. 2009)). And the Court thus held that "the substantial public interests in disclosure outweigh any cognizable privacy interest Musk holds." *Id.* at 9, 11-12.

Nothing in the government's October 17 Letter alters that conclusion. The government makes only the conclusory assertion that because page one "contains additional information about the investigatory process, disclosure of that record would raise significant additional privacy concerns." October 17 Letter at 3; *see also id.* at 2 ("[I]nformation about the investigatory process invokes clear privacy interests separate from interests in the result of an investigation." (citations omitted)). The government appears to be arguing that any record regarding the process of an investigation constitutes "private" information.

This argument is not logical and the portion of the Court's decision that the government cites does not sweep so far. *See* October 8 Order at 15. Nor does the case the Court cited to and that the government purports to rely on, *Citizens for Responsibility & Ethics in Washington v. Department of Justice*, 746 F.3d 1082 (D.C. Cir. 2014). In that case, the court held that although House Majority Leader Tom DeLay publicly confirmed that he had been under FBI investigation, he retained a privacy interest in the "contents of the investigative file." *Id.* at 1092. But the Court specifically *rejected* the argument that such files are categorically exempt, recognized there was a substantial public interest in understanding how DOJ had conducted itself in the investigation of such a powerful person, and required the agency to make a particularized showing that this privacy interest outweighed the public interest for each document or portion that it sought to withhold. *Id.* at 1093-96.

When weighing any privacy interest, it is the substance of the record that matters—not whether it resides in the "CATS" system or the "JVS" system or is categorized as a record of the investigatory process or an investigatory outcome. A one page document that details when DCSA opened an investigation, what level of investigation was conducted, and whether Musk was subject to continuous evaluation raises no greater privacy interest than a list of Musk's clearances—the outcome of that process—which this Court has already determined implicates only *de minimis* privacy interests. Under FOIA, both pages of the record must be disclosed.

## **CONCLUSION**

For the foregoing reasons, the Court should reconsider its October 20 Order insofar as it:

- grants the DCSA's request "to redefine the responsive 'record' as the second page of the *ex parte* submission only;"

- permits the DCSA to withhold page one of the record at issue in its entirety, and

- permits DCSA to redact "investigation-related information" including: (1) a field that would reveal, in detail, the level of investigation DCSA conducted; (2) whether DCSA had an open investigation as of the date of the record at issue; and (3) information on continuous evaluation.

Upon reconsideration, the Court should order that the government produce both pages of the record at issue, subject only to those redactions that the government has justified under the privacy exemptions.

Dated: November 3, 2025                        THE NEW YORK TIMES COMPANY
      New York, New York

                                     By: */s/ Dana R. Green*
                                         Dana R. Green
                                         Jackson Busch
                                         The New York Times Company
                                         Legal Department
                                         620 8th Avenue
                                         New York, NY 10018
                                         Phone: (212) 556-5290
                                         Fax: (212) 556-4634
                                         dana.green@nytimes.com

                                         *Attorneys for Plaintiffs*

## **CERTIFICATE OF COMPLIANCE**

I certify that this document complies with the word count requirements of Local Civil Rule 7.1(c). According to the word count in Microsoft Word, which was used to prepare this brief, the number of words in this document, excluding the caption, any index, table of contents, table of authorities, signature blocks, and this certificate, is 3,283.

Dated: November 3, 2025
       New York, New York

                                      */s/ Dana R. Green*
                                      Dana R. Green