```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
THE NEW YORK TIMES COMPANY and        :
NEIL BEDI,                            :
                                      :
                     Plaintiffs,      :     25cv2333 (DLC)
           -v-                        :
                                      :     OPINION AND
UNITED STATES DEFENSE                 :        ORDER
COUNTERINTELLIGENCE AND SECURITY      :
AGENCY,                               :
                                      :
                     Defendant.       :
                                      :
------------------------------------- X
```

APPEARANCES:

For plaintiffs The New York Times Company and Neil Bedi:
Dana Robinson Green
The New York Times Company
620 Eighth Avenue
New York, NY 10018

For defendant United States Defense Counterintelligence and Security Agency:
Peter Max Aronoff
United States Attorney's Office for the Southern District of New York
86 Chambers Street
New York, NY 10007

DENISE COTE, District Judge:

The New York Times Company and Neil Bedi (collectively, the "New York Times") sued the United States Defense Counterintelligence and Security Agency ("DCSA") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production of a single, two-page document listing any security

1

clearances granted to Elon Musk.  An Opinion of October 8, 2025 granted summary judgment to the New York Times but permitted the Government to submit proposed redactions to the Court.  See New York Times Co. v. U.S. Def. Counterintelligence & Sec. Agency, No. 25cv2333, --- F. 4th ---, 2025 WL 2855339 (S.D.N.Y. Oct. 8, 2025) ("October 8 Opinion").  On October 20, the Court approved the Government's proposed redactions in part and ordered production of the document to the New York Times by December 19.  On November 3, the New York Times moved for partial reconsideration of the October 20 Order.  On December 8, the Government moved for partial reconsideration of the October 8 Opinion.  For the following reasons, the Government's motion for partial reconsideration is granted and the New York Times's motion for partial reconsideration is denied.

## Background

This Opinion assumes familiarity with the October 8 Opinion, which is incorporated by reference, and summarizes only the facts necessary to decide this motion.  This case arises out of the New York Times's September 17, 2024 FOIA request, which sought "a list of security clearances" for Elon Musk, including "any details about the extent and purview of each of the clearances."  On October 2, 2024, DCSA identified two responsive

2

pages but denied the New York Times access to them under FOIA exemptions relating to Musk's privacy interests.  After DCSA denied administrative appeals of its decision, the New York Times initiated this action on March 20, 2025.  As is common in FOIA actions, the parties cross-moved for summary judgment.

The October 8 Opinion granted the New York Times's motion for summary judgment and denied the DCSA's motion for summary judgment on the ground that the substantial public interest in disclosure outweighs any privacy interest Musk holds, which had been diminished by Musk's public statements about his security clearances, drug use, and foreign contacts.  See October 8 Opinion, 2025 WL 2855339, at *6-7.  The Government, however, was permitted to submit proposed redactions to this Court "to the extent any detail in the document invades Musk's personal privacy beyond the issues discussed" in the Opinion.  Id. at *7.

On October 17, the Government filed a letter proposing redactions of the following information: "Musk's social security number," "Musk's date and place of birth, and the date he received U.S. citizenship," Musk's "unique Department of Defense identifying number," and "investigation-related information" in the document, including "a field that would reveal, in detail, the level of investigation DCSA conducted," "whether DCSA had an open investigation as of the date of the record at issue," and

"information on continuous evaluation." The Government also contended that only the second page of the two-page document it identified in October of 2024 "should appropriately be considered a responsive document." It explained that, although it originally described the material at issue as "a single document of two (2) pages responsive to Plaintiffs' request," "[a]fter further review . . . the government has determined that this single document consists of two separate 'records' for FOIA purposes" and only the second page "contains the specific information plaintiffs requested" and, thus, is responsive.

An Order of October 20 approved the Government's redefinition of the responsive record as the second page of the original two-page document ("October 20 Order"). The Order also approved most of the Government's proposed redactions and ordered the Government to produce the record to the New York Times by December 19.

On November 3, the New York Times moved for partial reconsideration of the October 20 Order. On December 8, the Government moved for partial reconsideration of the October 8 Opinion. The cross-motions were fully submitted on January 9, 2026.

**Discussion**

The standard for granting a motion for reconsideration is "strict." Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Survs., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "A party may . . . obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Cho, 991 F.3d at 170 (citation omitted).

In bringing cross-motions for reconsideration, neither party purports to have identified intervening case law or new evidence. The Government asserts that reconsideration of the October 8 Opinion is necessary to protect national security interests and, thus, prevent manifest injustice. The Government is correct and its motion is granted. On the other hand, the New York Times contends that reconsideration of the October 20 Order is necessary to address clear error in excluding Page 1 from the responsive record and approving various redactions to Page 2. Because the New York Times does not identify any clear

error, its motion is denied.

I.  Government's Motion for Reconsideration of October 8 Opinion

The Government asks this Court to partially reconsider its October 8 Opinion and omit additional information from Page 2 of the record "to protect national security interests."[1]  Its application is granted.

It is true that the Government is attempting to take a second bite at the summary judgment apple by asking this Court to reconsider an Opinion on grounds that it should have raised earlier.  In this case, however, this Court concludes that it is appropriate to relax this "technical rule[] of judicial convenience" in light of the national security considerations at play.  The Second Circuit has "consistently deferred to executive declarations predicting harm to the national security, and [has] found it unwise to undertake searching judicial review."  ACLU v. U.S. Dep't of Defense, 901 F.3d 125, 134 (2d Cir. 2018) (citation omitted).  And the second page of the record contains information that may implicate national security concerns and, to this Court's knowledge, has not been publicly disclosed by Musk.  Thus, the Government's motion for partial

---

[1] The Government presented its arguments for partial reconsideration both in its public briefing and in an ex parte submission to the Court dated December 8, 2025.

reconsideration is granted.  The Government is permitted to redact the two entries it identifies in its ex parte submission.

II. New York Times's Motion for Reconsideration of October 20 Order

The New York Times raises essentially two arguments in seeking reconsideration of the October 20 Order approving the Government's redefinition of the responsive record and many of its proposed redactions.  This motion is denied.

First, the New York Times contends that it was improper for the Government to request the exclusion of Page 1 from the responsive record.  As the record now reflects, Pages 1 and 2 came from separate subsystems which serve different purposes.  Only Page 2 contains the list of security clearances requested by the New York Times on September 17, 2024.  Although the Government should have realized its error in producing the two pages as a single document before now, there is no reason to doubt its representations and it need not produce Page 1.

Second, the New York Times asserts that the additional redactions on Page 2 were approved by the Court in error because the Government did not specifically justify their withholding under Exemptions 6 and 7(C).  The New York Times identifies those additional redactions from Page 2 to cover:

> two categories of security clearance that
> Musk holds (or held), whether there was an
> "open investigation" into Musk's clearances,

the Government did not specifically justify their withholding under Exemptions 6 and 7(C). The New York Times identifies those additional redactions from Page 2 to cover:

> two categories of security clearance that Musk holds (or held), whether there was an "open investigation" into Musk's clearances, the existence of any "supporting investigation," and the existence of an unknown category that The Times can only guess may refer to the mere existence (or non-existence) of waivers or conditions.

For the reasons already given, the Government may redact the two categories of security clearances. As for the other items, that information is not responsive to the New York Times's request for "a list of [Musk's] security clearances" and "any details about the extent and purview of each of the clearances." The New York Times's motion for partial reconsideration is denied.

## Conclusion

The New York Times's November 3, 2025 motion for partial reconsideration is denied. The Government's December 8, 2025 motion for partial reconsideration is granted.

Dated:   New York, New York
         March 2, 2026

                                   _____
                                            DENISE COTE
                                   United States District Judge